CRAFT, Internal Revenue Collector, v. SCHAFER.

(Circuit Court of Appeals, Sixth Circuit. March 5. 1907)

No. 1,589.

INTERNAL REVENUE—OLEOMARGARINE LAW—POWERS OF COLLECTOR.

The oleomargarine acts (Act Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], as amended by Act May 9, 1902, c. 784, 32 Stat. 193 [U. S. Comp. St. Supp. 1905, p. 432]) are complete in themselves, only those provisions of the general internal revenue statutes which are expressly enumerated therein being applicable thereto; and a collector is not authorized to exact the penalty of 50 per cent. provided for by Rev. St. § 3176 [U. S. Comp. St. 1901, p. 2068], from a dealer for neglecting to make the proper return.

In Error to the Circuit Court of the United States for the Western District of Kentucky.

For opinion below, see 144 Fed. 907.

George Du Relle, for plaintiff in error.

Henry M. Johnson, for defendant in error.

Before SEVERENS and RICHARDS, Circuit Judges, and COCHRAN, District Judge.

RICHARDS, Circuit Judge. This is one of a number of actions brought to recover back the taxes and penalties assessed and paid under what are known as the "Oleomargarine Acts." Retail dealers of oleomargarine are required to pay a special tax of $48 per year; but, if the oleomargarine be free from any artificial coloration which causes it to look like butter of any shade of' yellow, the annual tax is only $6. In the present cases it was held, as a matter of fact, that the oleomargarine sold was artificially colored, and therefore subject to the special tax of $48 per year. The internal revenue officers, acting under supposed authority of section 3176 of the Revised Statutes [U. S. Comp. St. 1901, p. 2068], assessed a penalty of 50 per cent. on the tax, making the entire amount $72.

There is only one question for consideration, namely, whether this section applied, so as to authorize the assessment of the penalty mentioned. The court below held it did not, and in this conclusion we concur. The oleomargarine acts are complete in themselves. They either contain provisions of their own for the enforcement of the tax, or they incorporate such sections of the internal revenue laws as Congress thought ought to be made applicable. Section 3176 of the Revised Statutes was not one of those sections, or Congress would have said so, making it applicable in the enforcement of the oleomargarine tax. This has been the holding in Re Kearns, Collector (D. C.) 64 Fed. 481, and in Re Kinney (D. C.) 102 Fed. 468, not. to mention other analogous cases.

It appears that, at the same time the government collected from certain dealers the tax of $48 per annum for selling artificially colored oleomargarine, it also collected the tax of $6 per annum for selling oleomargarine not artificially colored. The latter amounts should be refunded.

Judgment accordingly.